IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
*Harrisburg Division*

| | |
|---|---|
| COLUMBIA GAS TRANSMISSION, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action # _____ |
| | ) |
| 1.01 ACRES, MORE OR LESS | ) |
| IN PENN TOWNSHIP, YORK COUNTY, | ) |
| PENNSYLVANIA, LOCATED ON TAX ID # | ) |
| 44000280015000000, OWNED BY DWAYNE P. | ) |
| BROWN AND ANN M. BROWN | ) |
| | ) |
| DWAYNE P. BROWN | ) |
| 78 Sumac Drive | ) |
| Hanover, PA 17331 | ) |
| | ) |
| and | ) |
| | ) |
| ANN M. BROWN | ) |
| 78 Sumac Drive | ) |
| Hanover, PA 17331 | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT IN CONDEMNATION

### Nature of the Case

1. Plaintiff Columbia Gas Transmission, LLC ("Columbia Gas"), pursuant to its power of eminent domain as authorized by Section 7h of the Natural Gas Act, 15 U.S.C. § 717f (h) and Fed. R. Civ. P. 71.1, files this action for (i) the taking of certain interests in real property, (ii) immediate entry and possession of

1

the real property, and (iii) for the ascertainment and award of just compensation and damages to the following real property owners: Dwayne P. Brown and Ann M. Brown (the "Browns"); and any other interested parties.

## Jurisdiction and Venue

2. This Court has original jurisdiction in this matter pursuant to 28 U.S.C. § 1331 and Section 7h of the Natural Gas Act, 15 U.S.C. § 717f (h) because: (a) Columbia Gas is the holder of a Certificate of Public Convenience and Necessity for authorizing, among other things, the replacement of a natural gas pipeline within the Commonwealth of Pennsylvania; (b) Columbia Gas, despite negotiating in good faith, has been unable to reach an agreement as to compensation with the owners of the real property at issue in this suit for the easement and other interests necessary for the replacement of the pipeline; (c) the interests in the real property that Columbia Gas seeks to take by eminent domain is located within the Middle District of Pennsylvania; and (d) the value of the easements to be taken exceed $3,000.00 or the owners claim that the value of such easements exceed $3,000.00.

3. Venue is proper pursuant to 28 U.S.C. § 1391 (b) (2008).

## Parties

4. Columbia Gas is a Delaware limited liability company with an office located at 1700 MacCorkle Avenue SE, Charleston, West Virginia 25314. The sole member of Columbia Gas Transmission, LLC is Columbia Energy Group, a Delaware corporation with its principal place of business at 200 Civic Center Drive, Columbus, Ohio 43215. Columbia is an interstate natural gas company as defined by section 2(a) of the Natural Gas Act, 15 U.S.C. § 717 *et. seq.*, and as such, is qualified to construct, own, operate and maintain pipelines for the transmission of natural gas and constituents thereof. Columbia's authorization to transport natural gas in interstate commerce is granted by and subject to the jurisdiction of the Federal Energy Regulatory Commission ("FERC").

5. The Browns are residents of Pennsylvania, and are the record owners of certain real property consisting of a parcel of approximately 1.010 acres, Tax ID Number 440002800150000000, Penn Township, York County, Pennsylvania, as is more particularly described in a deed dated June 23, 1994, recorded in the land records of York County, Pennsylvania in Deed Book 925 Page 279 (the "Brown Property"). The Brown Property is depicted on the plat(s) attached hereto as <u>Exhibit 1</u>.

6. There may be other persons who may claim an interest in the property to be condemned whose names are unknown to Columbia Gas because they could

3

not be learned by diligent inquiry.  These persons have been made parties to this action as permitted by Rule 71.1(c)(3) of the Federal Rules of Civil Procedure.

### Facts

7. Columbia Gas is in the business of transporting natural gas in interstate commerce pursuant to authorization granted by and subject to the jurisdiction of the FERC.

8. Since the 1950s, Columbia Gas has operated an 8-inch natural gas pipeline in and around York County, Pennsylvania, designated as Line 1655.

9. On or about January 7, 1983, FERC issued to Columbia a blanket Certificate of Public Convenience and Necessity ("FERC Certificate") authorizing Columbia Gas "…to conduct many routine activities and abandon facilities and service on a self-implementing basis without further authorization by the Commission."  The FERC Certificate is attached as Exhibit 2.

10. The authority to undertake activities under the FERC Certificate is generalizable to facilities owned and operated by Columbia Gas under FERC jurisdiction including the facilities at issue.

11. Routine activities undertaken pursuant to the FERC Certificate include, among other things, replacement of existing facilities used to transport gas in interstate commerce.  FERC's regulations governing activities permissible under the FERC Certificate specifically provide that "…eligible facility includes main

line, lateral, and compressor replacements that do not qualify under § 2.55(b) of this chapter because they will result in an incidental increase in the capacity of main line facilities, or because they will not satisfy the location or work space requirements of § 2.55(b)." 18 C.F.R. § 157.202(b)(2)(i).

12. The facilities that compromise Line 1655 are eligible for replacement pursuant to the FERC Certificate.

13. In addition to FERC regulation, Columbia Gas's pipelines, including Line 1655 (the "Pipeline"), are subject to regulation by the Pipeline and Hazardous Materials Safety Administration ("PHMSA").

14. As part of Columbia Gas's implementation of the pipeline integrity management process established under 49 C.F.R. § 192.901 *et seq.* by PHMSA, Columbia Gas has confirmed the need to replace a portion of the Pipeline in order to meet rigorous standards of pipeline safety.

15. Columbia Gas is scheduled to begin construction work in connection with the replacement of the Pipeline on or about June 29, 2013.

16. Columbia Gas cannot replace the Pipeline until it acquires certain permanent and temporary easements over the Properties. These easements are necessary for the construction work in connection with the replacement of the Pipeline. Columbia Gas has reached agreements with all landowners in York County, Pennsylvania to be impacted by the replacement of the Pipeline except for

5

the Browns and the other landowners against whom Columbia Gas contemporaneously is filing similar condemnation complaints.

17. The temporary easements, as further described below, are requested as of the date of the authorized entry on to the Property and continuing until all work in connection with the replacement is complete, at which time they will no longer be a permanent take.

18. The permanent easements to be taken on the Property includes a permanent and exclusive easement and right-of-way to construct, operate, maintain, replace, repair, remove or abandon Line 1655, for a total of fifty feet (50') in width, measured twenty five feet (25') to the center of Line 1655 on each side thereof, as described more fully on the maps attached hereto, as well as rights for appurtenant equipment, including, but not limited to cathodic protection, hydrate removal systems and data acquisition facilities for the transportation of natural gas, with associated fluids, from the Property at issue here, with ingress to and egress from the same by means of existing of future roads and other reasonable routes on the Property, as well as temporary construction rights-of-way for the construction thereof.

19. Specifically, Columbia Gas seeks to acquire the following rights, more or less, from the Browns for the purpose of replacing the Pipeline on or near the Property:

6

    a)    <u>Permanent Rights</u>

          1)    Permanent Pipeline Right-of-Way Easement   0.19 acres

    b)    <u>Temporary Rights</u>

          1)    Temporary Construction Easement       0.09 acres

20. The right of way agreement and accompanying exhibit depicting the permanent and temporary easements that Columbia Gas requires across the Property are attached as <u>Exhibit 3</u>.

21. The Browns shall retain the right to use the Property subject to the easements in any manner which shall not interfere with the use and enjoyment of the rights of Columbia Gas. The Browns shall have the right to use the Property if used consistently with Columbia Gas' Minimum Guidelines, a copy of which is attached hereto as <u>Exhibit 4</u>.

22. Columbia Gas requests the right for immediate possession of the easements for purposes of replacing the Pipeline as described above.

23. Columbia Gas has negotiated with the Browns in good faith and made bona fide efforts to acquire the necessary rights by agreement but has been unable to obtain such rights by contract or to agree on the compensation to be paid.

24. Pursuant to the authority granted to it by Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f (h), Columbia Gas now seeks to take by eminent domain the easements in the Property depicted on <u>Exhibit 3</u> and described herein.

25. Columbia Gas requests a trial for the purpose of determining just compensation pursuant to Rule 71.1(h).

WHEREFORE, Columbia Gas respectfully requests that this Court:

1. Enter an Order of Judgment of Taking by Eminent Domain as to the easements described herein;

2. Allow Columbia Gas immediate entry on the above described easements prior to the determination of compensation and damages upon deposit with the Court of a sum of money representing the value of such easements as determined by Columbia Gas's land rights valuation analyses for that area;

3. Grant Columbia Gas's request for a trial for the purpose of determining just compensation pursuant to Rule 71.1(h).

4. Ascertain and award just compensation and damages to the Browns for the taking of the permanent easements;

5. Ascertain and award just compensation and damages to the Browns for the taking of the temporary rights; and

6. Grant such other relief as may be just and proper.

| | |
|---|---|
| Dated: March 26, 2013 | Respectfully submitted, |

**COLUMBIA GAS TRANSMISSION, LLC**

By Counsel

_____/s/_____
Erin N. Fischer
PA Bar No. 93155
McGuireWoods LLP
625 Liberty Avenue, 23rd Floor
Pittsburgh, Pennsylvania 15222-3142
P: 412-667-7919
F: 412-667-7974
E-Mail: efischer@mcguirewoods.com

*Of Counsel:*
M. Melissa Glassman (VA Bar No. 27526)
John D. Wilburn (VA Bar No. 41141)
Courtney S. Schorr (VA Bar No. 65971)
McGuireWoods LLP
1750 Tysons Boulevard, Suite 1800
Tysons Corner, Virginia 22102
P: 703-712-5000
F: 703-712-5050
E-mail: mglassman@mcguirewoods.com
E-mail: jwilburn@mcguirewoods.com
E-mail: cschorr@mcguirewoods.com

*Counsel for Plaintiff*
*Columbia Gas Transmission, LLC*

46693688_1

9