IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COLUMBIA GAS TRANSMISSION LINE, LLC, | ) )   Case No.: 4:13-cv-00778-MWB ) |
| Plaintiffs | )   Hon. Matthew W. Brann ) |
| v. | ) ) |
| 1.01 ACRES, MORE OR LESS IN PENN TOWNSHIP, YORK COUNTY, PENNSYLVANIA, LOCATED ON TAX ID # 44000280015000000, OWNED BY DWAYNE P. BROWN AND ANN M. BROWN | ) ) ) ) ) ) ) ) |
| DWAYNE P. BROWN 78 Sumac Drive Hanover, PA 17331 | ) ) ) ) |
| and | ) ) |
| ANN M. BROWN 78 Sumac Drive Hanover, PA 17331 | ) ) ) ) |
| Defendants | )   (Electronically Filed) ) |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT IN CONDEMNATION

1. Defendants, Dwayne P. Brown and Ann M. Brown, own, in fee simple, the property sought to be condemned by Plaintiff, Columbia Gas Transmission Line, LLC, with a Tax ID number 44000280015000000 located at 78

Sumac Drive, Hanover, PA 17331, in Penn Township, York County, Pennsylvania and described in a June 23, 1994 Deed recorded with the York County Recorder of Deeds, Deed Book 925, Page 279.

2. Defendants file this Answer per Federal Rule 71.1(e), following service of the Complaint on, or about, May 24, 2013.

3. As indicated in paragraph 19 of Plaintiff's Complaint in Condemnation, Plaintiff seeks to obtain, via eminent domain, .19 acres of Defendants' property for a Permanent Right of Way Easement, and .09 acres as a temporary construction easement.

4. In support of its power to obtain Defendant's property via eminent domain, Plaintiff references a January 7, 1983 FERC blanket Certificate of Public Convenience and Necessity in paragraphs nine (9) through twelve (12) of its Complaint in Condemnation which authorizes Plaintiff "to conduct many routine activities and abandon facilities and service on a self-implementing basis without further authorization by the Commission."  See *Plaintiff's Exhibit 2*.

5. Defendants object to Plaintiff's assertion that the FERC Certificate provides Plaintiff with the power to condemn Defendants' property as asserted in Plaintiff's Complaint in Condemnation.

6. The removal and relocation of a pipeline cannot be considered a "routine activity" as suggested by Plaintiff, nor is such activity considered the abandonment of a facility.

7. Columbia, in paragraph twelve (12) of its Complaint, states that it is seeking to replace Line 1655, and therefore the abandonment provisions of its blanket Certification are not applicable.

8. However, Plaintiff asserts that routine activities include the replacement of existing eligible facilities which "includes main line, lateral, and compressor replacements that do not qualify under § 2.55(b) of this chapter because they will result in an incidental increase in capacity of main line facilities, or because they will not satisfy the location or work space requirements of § 2.55(b)." 18 C.F.R. 157.202(b)(2)(i). The assertion is denied.

9. Section 2.55(b) defines *exclusions* from the definition of "facility," specifically providing that a facility (pipeline) that replaces an existing, but obsolete or deteriorated, pipeline is not considered a facility if the replacement pipeline has the same delivery capacity, is placed in the same right-of-way, and uses the same temporary construction area as the pipeline being replaced. 18 C.F.R. 2.55(b).

10. The **controlling regulation** of FERC states that such "Replacement of facilities" "will be located in the same right-of-way or on the same site as

3

the facilities being replaced". 18 C.F.R. §2.55(b)(1)(ii). Herein, the proposed replacement facilities would be on a new right-of-way from different property owners. Such eminent domain power has not been granted.

11. An additional FERC regulation states that "miscellaneous rearrangement" is only "on the same property". The proposed rearrangement or "relocation" is only allowed "on the same property". 18 C.F.R. §157.202 (b)(6)(i). Herein, the proposed rearrangement or relocation is not on the same property. Such eminent domain has not been granted.

12. Were Columbia replacing the existing Line 1655 pipeline due to is obsolescence by constructing a replacement facility in the same right-of-way as the existing facility, Columbia's blanket Certificate would allow such conduct without further approval as a replacement in the same location as a previous pipeline is clearly permitted by Section 157.202(b)(2)(i) as cited by Columbia in its Complaint.

13. Columbia, however, is not replacing the existing pipeline by constructing a new pipeline in the same right-of-way, but is instead **replacing the obsolete Line 1655 by attempting to construct an entirely new pipeline and obtaining entirely new property rights from previously uninvolved property owners.**

14. Simply put, Columbia has not provided any valid authority which would allow it to use eminent domain to replace the existing Line 1655 by relocating it onto a different site/property than that in which it currently holds a right-of-way for the Line 1655 pipeline.

15. The construction of a new pipeline facility in a new right-of-way on private property yet to be acquired certainly does not constitute "routine activity" as alleged by Columbia, even if it is done under the guise of replacing an existing, obsolete pipeline.

16. Federal statutes providing the power of eminent domain are to be strictly construed to exclude rights that are not granted. <u>Transwestern Pipeline Co. v. 17.19 Acres</u>, 550 F.3d 770, 775 (9th Cir. 2008); <u>Humphries v. Williams Nat'l Gas Co.</u>, 48 F. Supp. 2d 1276, 1281 (D. Kan. 1999).

17. 18 C.F.R. § 157.201 *et seq.* does not provide a Certificate holder with the ability to replace a facility/pipeline by relocating it to a different right-of-way than that in which the existing facility already exists, and the regulations must be strictly construed so as to not provide Columbia with eminent domain powers that are not expressly provided by the Natural Gas Act.

18. Defendants request that the Complaint in Condemnation be dismissed with the Defendants' reasonable expenses to be paid by Plaintiffs. 49 C.F.R. §24.107.

19. In the event of the condemnation being allowed to proceed, the Defendants' demand a jury trial to determine just compensation.

WHEREFORE, for the above reasons, Defendants respectfully request that Plaintiff's Complaint in Condemnation be dismissed.

Respectfully submitted,

Lavery Faherty Patterson

DATE: <u>6/14/2013</u>        By:  <u>*/s/ Michael F. Faherty, Esquire*</u>
                                    Michael F. Faherty, Esquire
                                    Atty No. 55860
                                    225 Market Street, Suite 304
                                    P.O. Box 1245
                                    Harrisburg, PA 17108-1245
                                    Telephone: (717) 233-6633
                                    Fax: (717) 233-7003
                                    Attorney for Defendants

## CERTIFICATE OF SERVICE

I, Linda S. Wallace, an employee with the law firm of Lavery Faherty Patterson, do hereby certify that on this 14 day of June, 2013, I served a true and correct copy of the foregoing *Defendant's Answer to Plaintiff's Complaint in Condemnation* U.S. Middle District Court's electronic case filing system, addressed as follows:

Courtney S. Schorr, Esquire
cschorr@mcguirewoods.com

Erin N. Fischer, Esquire
efischer@mcguirewoods.com

John D. Wilburn, Esquire
jwilburn@mcguirewoods.com

M. Melissa Glassman, Esquire
mglassman@mcguirewoods.com

*Attys for Columbia Gas Transmission, LLC*


                                              */s/Linda S. Wallace*
                                              Linda S. Wallace
                                              Legal Assistant to Michael F. Faherty, Esquire


This document has also been electronically filed and is available for viewing and downloading from the ECF system.