IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COLUMBIA GAS TRANSMISSION LINE, LLC, | ) ) Case No.: 4:13-cv-00778-MWB |
| Plaintiffs | ) ) Hon. Matthew W. Brann |
| v. | ) ) |
| 1.01 ACRES, MORE OR LESS IN PENN TOWNSHIP, YORK COUNTY, PENNSYLVANIA, LOCATED ON TAX ID # 44000280015000000, OWNED BY DWAYNE P. BROWN AND ANN M. BROWN | ) ) ) ) ) ) ) |
| DWAYNE P. BROWN 78 Sumac Drive Hanover, PA 17331 | ) ) ) |
| and | ) ) |
| ANN M. BROWN 78 Sumac Drive Hanover, PA 17331 | ) ) ) |
| Defendants | ) (Electronically Filed) ) |

**DEFENDANTS, DWAYNE P. AND ANN M. BROWN'S, BRIEF IN OPPOSITION TO PLAINTIFF, COLUBMIA GAS TRANSMISSION, LLC'S, MOTION FOR PARTIAL SUMMARY JUDGMENT AND FOR IMMEDIATE POSSESSION OF THE EASEMENTS**

Defendants, Dwayne P. and Ann M. Brown, by and through their counsel, Lavery Faherty Patterson, do hereby submit this Brief in Opposition to Plaintiff's Motion for Summary Judgment and Immediate Possession of the Easements.

## I.   COUNTER-STATEMENT OF FACTS / PROCEDURAL HISTORY[1]

On January 7, 1983, Columbia obtained a blanket Certificate of Public Convenience and Necessity from the Federal Energy Regulatory Commission ("FERC") which authorizes Columbia to operate a natural gas pipeline at the location specified in the application. Columbia's blanket Certificate also authorizes Columbia to engage in limited, routine activities expressly identified in FERC regulations with regard to each of its pipeline facilities. SUMF ¶ 7; Compl. Ex. 2; See 18 C.F.R. §§ 157.201-157.218 (2012). Of particular relevance to this matter, 18 C.F.R. § 157.208 allows the Certificate holder to "make miscellaneous rearrangements of any facility, or acquire, construct, replace, or operate any eligible facility." 18 C.F.R. § 208(a).

Instead, Columbia seeks to abandon the approved pipeline and replace it in a new location crossing private property which was not previously impacted. Columbia seeks to acquire a .19 acre permanent easement over the property of Defendants for relocation of Line 1655, as well as a .09 acre temporary construction easement. SUMF ¶¶ 3-4. When Columbia was unable to successfully negotiate a

purchase of the easements from Defendants, it filed a Complaint in condemnation, on or about March 26, 2012, seeking to acquire, through eminent domain, a portion of Defendants' property. SUMF ¶ 4. Columbia subsequently filed, on May 24, 2013, the Motion for Partial Summary Judgment and for Immediate Possession of the Easements presently at issue.

In support of its Motion, Columbia asserts that its blanket Certificate, along with the failed negotiations, provides it with the ability to take Defendants' property via eminent domain and entitle it to immediate possession of Defendants' property. Although Columbia's blanket Certificate did provide it with limited, specified eminent domain powers, it provided no eminent domain power to condemn the property rights from property owners who were not previously impacted.

## II. STATEMENT OF QUESTIONS INVOLVED

1. Whether Columbia has the power of eminent domain to condemn the property of Defendants and is entitled to partial summary judgment as a result when Columbia's blanket Certificate does not provide it with the authority it asserts?

    (Suggested Answer: No)

2. Whether Columbia is entitled to a preliminary injunction granting immediate possession of the easements sought when it does not have the power of eminent domain?

    (Suggested Answer: No)

---

[1] Defendants have filed a separate Rule 56.1 Statement of Material Facts in Opposition to Plaintiff's Motion for Partial Summary Judgment in accordance with Local Rule 56.1. While Defendants dispute portions of Plaintiff's Statement of Undisputed Material Facts ("SUMF"), citations are nevertheless made thereto.

## III. ARGUMENT

Summary Judgment is proper when the Court determines that there is not a genuine dispute as to any material facts, and the moving party is entitled to summary judgment as a matter of law. Fed. R.C.P. 56(a). Columbia asserts that it is entitled to partial summary judgment as well as a preliminary injunction granting it immediate possession of the easements on Defendants' property because there is no dispute as to whether Columbia holds the power of eminent domain to take this land.

Defendants readily acknowledge that the Natural Gas Act affords a pipeline company the power of eminent domain if the company holds a Certificate of Public Convenience and Necessity and is unable to acquire the desired property through negotiations. 15 U.S.C. § 717f(h). And Defendants recognize that Columbia has been unable to acquire Defendants' property through negotiation, and that Columbia holds a blanket Certificate. However, Columbia's blanket Certificate does not provide it with the authority to condemn Defendants' property in the manner it seeks. Therefore, Columbia is not entitled to partial summary judgment as a material fact is in dispute, whether Columbia has the power of eminent domain, and moreover, Columbia is not entitled to a preliminary injunction granting it immediate possession of Defendants' property.

1. **Columbia is not entitled to partial summary judgment because there is a genuine issue of material fact relating to its power to condemn Defendants' property through Eminent Domain.**

15 U.S.C. § 717f(h) provides the right of eminent domain to a "natural gas company" when two conditions are met: 1. The company holds a Certificate of Public Convenience and Necessity; and 2. The company is unable to come to an agreement with the property owner as to compensation to be paid for the property sought.  15 U.S.C. § 717f(h).  **However, the natural gas company holding a Certificate is only able to acquire, construct, and operate a facility if the Certificate it holds authorizes such action or operation**.  15 U.S.C. § 717f(c)(1)(A).  In other words, holding a Certificate alone does not provide its holder with the power of eminent domain because the Certificate must authorize the specific eminent domain activity sought.  Tenn. Gas Pipeline Co. v. Mass. Bay Transp. Auth., 2 F. Supp. 2d 106, 108 (D. Mass. 1998).

In this instance, Columbia does not hold a Certificate of Public Convenience and Necessity specific to the Line 1655 project, but rather holds a January 7, 1983 blanket Certificate that authorizes Columbia ". . . to conduct many routine activities and abandon facilities and service on a self-implementing basis." SUMF ¶ 7.  To this end, the Certificate indicates the Columbia is authorized "to perform the activities specified in Subpart F of Part 157 of the Commission's Regulations."  Compl. Ex. 2.  Thus, the rights enjoyed by Columbia pursuant to its blanket

Certificate, including Eminent Domain rights, are limited to those afforded in 18 C.F.R. §§ 157.201-157.218.

18 C.F.R. § 157.203(b) enumerates the activities in which a holder of a blanket Certificate can engage. Of relevance to this matter is 18 C.F.R. § 157.208 which allows for the construction, acquisition, **replacement**, and miscellaneous rearrangement of pipelines. Specifically, as long as the cost limitations are met, a blanket Certificate holder is authorized to do one of two things: 1. "Make **miscellaneous rearrangements** of any facility;" or 2. "Acquire, construct, replace, or operate any **eligible facility**." 18 C.F.R. § 157.208(a) (emphasis added).

"Miscellaneous rearrangement" is explicitly defined as the rearrangement of any facility, including the relocation of an existing facility, **so long as the relocation of the facility is on the same property**. 18 C.F.R. § 157.202(b)(6). In this instance, as Columbia has acknowledged, it seeks to replace Line 1655 by installing a new pipeline on Defendants' property. SUMF ¶¶ 3-4; Aff. Of Doug Holley ¶¶ 10, 13-14. In fact, the purpose of acquiring the easements is to construct the replacement pipeline on Defendants' property. Aff. Of Doug Holley ¶¶ 13-14. As Columbia has acknowledged, Line 1655 is not currently located on Defendants' property.[2] Moreover, were Line 1655 already on Defendants' property, Columbia would not have attempted to purchase an easement as it would have already held a

---

[2] Affidavit of Doug Holley, ¶ 21; SUMF Exs. 1 & 2.

6

sufficient property interest to relocate the pipeline. Because Line 1655 is not already on Defendants' property, Columbia's attempt to relocate the pipeline onto their property does not fall within the definition of "miscellaneous rearrangement" which expressly allows relocation **on the same property**. Thus, Columbia's blanket Certificate does not provide it with the authority to take Defendants' property for the relocation of Line 1655 under the guise of "miscellaneous rearrangement."

Even though Columbia's attempted actions cannot be considered "miscellaneous rearrangement," Columbia still asserts that it has the power of eminent domain to take Defendants' property for the replacement of Line 1655 because its blanket Certificate provides it with the authority to "acquire, construct, replace, or operate any eligible facility." 18 C.F.R. § 157.208(a). The regulations include in the definition of "eligible facility" "main line, lateral, and compressor replacements that do not qualify under § 2.55(b) of this chapter . . . because they will not satisfy the location or work space requirements of § 2.55(b)." 18 C.F.R. § 202(b)(2)(i). Turning to 18 C.F.R. 2.55, this regulation identifies exclusions to the definition of "facilities," specifically including facilities that "constitute the replacement of existing facilities . . . if . . . [t]he replacement facilities . . . will be located in the same right of way or on the same site as the facilities being replaced." 18 C.F.R. § 2.55(b). Taken together, § 2.55(b) removes from the definition of

"facility" a replacement pipeline that will be located on the same property as the original pipeline, but § 202(b)(2)(i) expressly states that this exclusion does not apply to "eligible facilities" for purposes of replacing a pipeline pursuant to a blanket Certificate.

Columbia asserts that § 208(a) permits it to relocate the pipeline onto Defendants' property because it is unable to replace Line 1655 in its current right-of-way. This interpretation of the regulations by Columbia is patently incorrect. What § 208(a) does is authorize Columbia to replace and relocate Line 1655 to a different location on the same property that Line 1655 already exists. Columbia has failed to identify any regulations that authorize a blanket Certificate holder to relocate a pipeline to property on which it does not already have a right-of-way.

When properly interpreted, the two authorizations provided by 18 C.F.R. § 157.208(a) are entirely consistent with each other. A blanket Certificate holder is permitted to make "miscellaneous rearrangements," which allows for the moving of facilities on the **same property**, and is also able to acquire, construct and replace any "eligible facility," which includes replacing pipeline on the same property, even if in a different location that the original right-of-way. While both options allow for the movement of a pipeline on a property in which the blanket Certificate holder has a right-of-way interest, **neither allows a blanket Certificate holder to replace a**

**facility by relocating it onto a property in which it does have an existing property interest**.

While the regulations relied on by Columbia that provide substance to the "routine activities" provision of its blanket Certificate authorize it to replace and relocate pipelines on property in which a the pipeline being replaced is already located, the regulations do not provide Columbia with the power of eminent domain to acquire property and construct a pipeline on property in which the pipeline being replaced is not already located. Line 1655 is not currently on Defendants' property and, as a result, Columbia does not have a pre-existing property interest in Defendants' property. Thus, Columbia does not have the authority to relocate Line 1655 onto Defendants' property. Because the action Columbia is seeking to engage in extends beyond the authority it has been granted in its blanket Certificate, Columbia does not have the power of eminent domain under the Natural Gas Act despite possessing a blanket Certificate.

To summarize, Columbia has the power of eminent domain when two conditions are met. One condition requires Columbia to have attempted to negotiate the purchase of the property sought which failed to result in Columbia's purchase of the property. 15 U.S.C. § 717f(h). Defendants acknowledge that this condition is met. The second condition is that Columbia holds a Certificate of Public Convenience and Necessity that authorizes it to condemn certain property. <u>Tenn.</u>

Gas Pipeline Co., 2 F. Supp. 2d at 108. While Columbia holds a blanket Certificate, the regulations governing blanket Certificates quite plainly indicate that the Certificate held by Columbia does not authorize it to take Defendants' property for the purpose of installing a relocated pipeline. As a result, Columbia does not have the power of eminent domain for this condemnation, and furthermore, Columbia is not entitled to partial summary judgment as a material fact to this matter remains in dispute.

>    **2. Columbia is not entitled to a preliminary injunction providing it with immediate possession of Defendants' property because Columbia does not possess the power of eminent domain.**

A federal court does possess the power to grant equitable relief, such as a preliminary injunction, but only when the equitable relief is based on an already existing substantive right. East Tenn. Natural Gas Co. v. Sage, 361 F.3d 808, 823 (4th Cir. 2004).[3] In eminent domain cases under the Natural Gas Act, the substantive right that the court must find is that the gas company "has the right to condemn the property in question." Id. at 825 (citing Guardian Pipeline, L.L.C. v. 950.80 Acres of Land, 210 F. Supp. 2d 976, 301 (N.D. Ill. 2002)). Once the gas company demonstrates that it possesses the power to condemn the property in question, the court will then undertake an analysis of whether a preliminary injunction should be granted that immediately awards possession to the

gas company.  Id.  Indeed, courts have held that when the gas company does not have an Order supporting its eminent domain authority, but relies solely on its Certificate of Public Convenience and Necessity, the gas company does not have the substantive right necessary to be awarded a preliminary injunction.  See Northern Border Pipeline Co. v. 86.72 Acres of Land, 144 F.3d 469 (7th Cir. 1998).

In this instance, Columbia asserts that it is entitled to a preliminary injunction granting it immediate possession of Defendants' property based on a yet to be issued Order recognizing its right to use eminent domain to take Defendants' property and awarding it partial summary judgment.  However, for the reasons previously discussed, the blanket Certificate relied on by Columbia does not actually provide it with the power of eminent domain to take Defendants' property.  Because Columbia does not have a court Order providing it with the substantive right of eminent domain, and should not be awarded a court Order providing it with the substantive right to take Defendants' property, Northern Border is instructive in that Columbia's Certificate alone is insufficient for it to be able to take Defendants' property.

More importantly, because Columbia's blanket Certificate does not provide it with the power of eminent domain to take Defendants' property, Columbia has failed to meet the threshold requirement that would entitle it to a preliminary injunction.  By requesting immediate possession, Columbia was required to show

---

[3] The Third Circuit has not yet had occasion to consider the issues presented by Columbia, but the Western

that it has the right to condemn Defendants' property for the purpose of replacing Line 1655 prior to this Court even considering if Columbia is entitled to a preliminary injunction. By failing this threshold requirement, awarding Columbia equitable relief through a preliminary injunction and immediate possession of Defendants' property would be inconsistent with the clearly established Fifth Amendment law, let alone consideration of Columbia's entitlement to a preliminary injunction.

In the event that this Court were to determine that Columbia has demonstrated that is possesses the right of eminent domain to take Defendants' property in the fashion it seeks, Columbia has still not demonstrated that it is entitled to a preliminary injunction and immediate possession of Defendants' property. In determining whether Columbia is entitled to a preliminary injunction, this court should consider four things: 1. The likelihood of irreparable harm to Columbia if the injunction is granted; 2. The likelihood of harm to Defendants if the injunction is granted; 3. The likelihood Columbia will succeed on the merits; and 4. The public interest. K.A. v. Pocono Mountain Sch. Dist., 710 F.3d 99, 105 (3d Cir. 2013) (citing Tenafly Eruv Ass'n v. Borough of Tenafly, 309 F.3d 144, 157 (3d Cir. 2002)).

---

District of Pennsylvania has adopted "[t]he reasoning and conclusions of the Fourth Circuit" in Sage. Steckman Ridge GP, LLC v. 11.078 Acres, 2008 U.S. Dist. LEXIS 71302, 27-28 (W.D. Pa. 2008).

The likelihood of harm to Columbia should a preliminary injunction be denied is negligible. Columbia asserts that its ultimate goal is to replace Line 1655 for safety reasons,[4] and it will still be able to construct the replacement pipeline even if a preliminary injunction is not granted. Nevertheless, Columbia contends that it will be harmed by the delay caused by not granting the preliminary injunction, and cites Steckman Ridge CP, LLC v. 11.078 Acres in support thereof. In Steckman, however, the delay caused by not granting the injunction would have brought the gas company out of compliance with its FERC Certificate and would have prevented the gas company from being ready for the heating season, neither of which is the case here. The Court in Steckman also considered that the gas company would have to work around the holdout's property, which Columbia asserts will happen here as well. However, **all of these factors** led to the Court's determination that the gas company would suffer irreparable harm in Steckman, while the only factor present here is Columbia having to work around Defendants' property. It should also be noted that Columbia, on its own accord, delayed the beginning of construction for at least one month, as evidenced in its January 24, 2013 letter to Defendants which states that construction was "to commence on approximately May 31, 2013." SUMF Ex. 2.

---

[4] SUMF ¶ 9

Turning to the second factor, the harm to Defendants if a preliminary injunction is granted will be great. While Defendant recognizes that Columbia is obligated to pay just compensation, and will deposit a portion of that into court as required by law, **Defendants will still be losing a portion of their property**. Columbia has failed to demonstrate that it has the authority to condemn Defendants' property, and because "eminent domain - the taking of a man's property without his consent – is against common right . . . all acts relating to the taking of private property are to be strictly construed." W. Union Tel. Co. v. Pa. R.R. Co., 120 F. 362 (W.D. Pa. 1903). Columbia's blanket Certificate must be strictly construed, and any failure to do so would be a derogation of Defendants' most fundamental property rights. Granting a preliminary injunction in favor of Columbia and awarding it immediate possession of Defendants' property, when Columbia has failed to demonstrate that it even has the power to take Defendants' property, will greatly harm Defendants as they will lose their property and have no recourse to retain it once a pipeline has been installed. This harm to Defendants, and their Constitutional rights, certainly outweighs the harm to Columbia of having to wait a little longer to install their pipeline.

Additionally, it is unlikely that Columbia will succeed on the merits of its Complaint. Columbia asserts that it has the power to take Defendants' property by eminent domain, but as previously discussed, Columbia's blanket Certificate quite

plainly does not provide it with such a right. Thus, it is not likely that Columbia will prevail on the merits.

Lastly, granting the preliminary injunction will not serve the public interest in such a way as to outweigh the other factors considered. While the public does have an interest in the pipeline being replaced for safety reasons, an additional delay in the replacement of Line 1655 will not result in any substantial harm to the public. On the other hand, granting the preliminary injunction is likely to harm the public interest as it will set a precedent that gas companies can take individual landowner's property without proper authorization. The Natural Gas Act's purpose of providing consumers with adequate and affordable natural gas is commendable, but not at the expense of gross violations of those same individuals' fundamental property rights.

## IV. CONCLUSION

WHERFORE, for the reasons discussed above, Defendants, Dwayne P. and Ann M. Brown, respectfully request that this Court deny and dismiss Columbia's Motion for Partial Summary Judgment and for Immediate Possession of the Easements.

Respectfully submitted,

Lavery Faherty Patterson

DATE: <u>06/14/2013</u>          By: <u>*/s/Michael F. Faherty, Esquire*</u>

                                        Michael F. Faherty, Esquire
                                        Atty No. 55860
                                        225 Market Street, Suite 304
                                        P.O. Box 1245
                                        Harrisburg, PA 17108-1245
                                        Telephone:  (717) 233-6633
                                        Fax:  (717) 233-7003
                                        Attorney for Defendants

## CERTIFICATE OF SERVICE

      I, Linda S. Wallace, an employee with the law firm of Lavery Faherty Patterson, do hereby certify that on this 14 day of June, 2013, I served a true and correct copy of the foregoing ***DEFENDANTS, DWAYNE P. AND ANN M. BROWN'S, BRIEF IN OPPOSITION TO PLAINTIFF, COLUBMIA GAS TRANSMISSION, LLC'S, MOTION FOR PARTIAL SUMMARY JUDGMENT AND FOR IMMEDIATE POSSESSION OF THE EASEMENTS***
U.S. Middle District Court's electronic case filing system, addressed as follows:


Courtney S. Schorr, Esquire
cschorr@mcguirewoods.com

Erin N. Fischer, Esquire
efischer@mcguirewoods.com

John D. Wilburn, Esquire
jwilburn@mcguirewoods.com

M. Melissa Glassman, Esquire
mglassman@mcguirewoods.com

*Attys for Columbia Gas Transmission, LLC*


                                            /s/Linda S. Wallace
                                            Linda S. Wallace
                                            Legal Assistant to Michael F. Faherty, Esquire

This document has also been electronically filed and is available for viewing and downloading from the ECF system.