IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COLUMBIA GAS TRANSMISSION LINE, LLC, | ) )  Case No.: 4:13-cv-00778-MWB |
| Plaintiffs | )  Hon. Matthew W. Brann |
| v. | ) |
| 1.01 ACRES, MORE OR LESS IN PENN TOWNSHIP, YORK COUNTY, PENNSYLVANIA, LOCATED ON TAX ID # 44000280015000000, OWNED BY DWAYNE P. BROWN AND ANN M. BROWN | ) |
| DWAYNE P. BROWN 78 Sumac Drive Hanover, PA 17331 | ) |
| and | ) |
| ANN M. BROWN 78 Sumac Drive Hanover, PA 17331 | ) |
| Defendants | )  (Electronically Filed) |

## DEFENDANTS, DWAYNE P. BROWN AND ANN M. BROWN, BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendants, Dwayne P. Brown and Ann M. Brown ("Landowners"), by and through counsel, submit this short Brief in Support of its Motion for Summary Judgment.

The Fifth Amendment of the United States Constitution provides for the protection of private property with the due process of law and the payment of just compensation when land is properly taken by the power of eminent domain.  The Landowners acknowledge that the Natural Gas Act provides for the unusual circumstance of a private company having a route to obtain the awesome power of eminent domain.  However, Federal statutes providing the power of eminent domain are to be strictly construed so as to exclude rights that are not granted.  <u>Transwestern Pipeline Co. v. 17.19 Acres</u>, 550 F.3d 770, 775 (9th. Cir. 208).

Herein, the private company, Columbia Gas, has asserted that it possess the awesome power of eminent domain via 18 C.F.R. §157.208(a) to move a natural gas pipeline onto the property of individuals whose property was not previously impacted by the pipeline.  Such a miscellaneous rearrangement is prohibited by FERC regulation when the new pipeline is not on the same property.  18 C.F.F. 157.202(b)(6)(i).  Similarly any assertion that such a relocation of the pipeline as an "eligible facility" is prohibited by applicable FERC regulation at 18 C.F.R. §157.202(b)(2)(i) unless such relocation is "for the primary purpose of restoring service in an emergency due to sudden unforeseen damage to main line facilities."

No emergency exists. Accordingly, the FERC regulation cited by Columbia Gas is authority for the condemnation expressly prohibits the attempted condemnation.

Columbia Gas could attempt to proceed with a "miscellaneous rearrangement" on the same property or properties where the existing line is located. The unauthorized condemnation is curious and prohibited. The dismissal of the Complaint directs that the Defendants' reasonable expenses are to be paid by Columbia Gas per 19 C.F.R. §24.107.

**WHEREFORE**, Defendants' respectfully request that this Court grant this Motion for Summary Judgment.

Respectfully submitted,

Lavery Faherty Patterson

DATE:  06/14/2013                   By: */s/Michael F. Faherty, Esquire*

Michael F. Faherty, Esquire
Atty No. 55860
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108-1245
Telephone:  (717) 233-6633
Fax:  (717) 233-7003
Attorney for Defendants

## CERTIFICATE OF SERVICE

I, Linda S. Wallace, an employee with the law firm of Lavery Faherty Patterson, do hereby certify that on this 14 day of June, 2013, I served a true and correct copy of the foregoing ***DEFENDANTS, DWAYNE P. BROWN AND ANN M. BROWN, BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT*** via the U.S. Middle District Court's electronic case filing system, addressed as follows:

Courtney S. Schorr, Esquire
cschorr@mcguirewoods.com

Erin N. Fischer, Esquire
efischer@mcguirewoods.com

John D. Wilburn, Esquire
jwilburn@mcguirewoods.com

M. Melissa Glassman, Esquire
mglassman@mcguirewoods.com

*Attys for Columbia Gas Transmission, LLC*


/s/Linda S. Wallace
Linda S. Wallace
Legal Assistant to Michael F. Faherty, Esquire

This document has also been electronically filed and is available for viewing and downloading from the ECF system.