IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
*Williamsport Division*

| | |
|---|---|
| COLUMBIA GAS TRANSMISSION, LLC, <br><br> Plaintiff, <br><br> v. <br><br> 1.01 ACRES, MORE OR LESS IN PENN TOWNSHIP, YORK COUNTY, PENNSYLVANIA, et al., <br><br> Defendants. | Civil Action # 4:13-CV-00778-MWB |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S RULE 59(E) MOTION TO ALTER, AMEND, AND/OR RECONSIDER JUDGMENT**

Plaintiff Columbia Gas Transmission, LLC, by counsel and pursuant to Fed. R. Civ. Pro. 59(e), moves this Court to alter, amend, and/or reconsider the judgment entered by this Court on November 15, 2013, and in support of this Motion states as follows:

**STATEMENT OF FACTS**

Columbia is in the business of transporting natural gas in interstate commerce pursuant to authorization granted by and subject to the jurisdiction of the Federal Energy Regulatory Commission ("FERC"). ECF Doc. No. 1, Compl. ¶ 7. Since the 1950s, Columbia has operated an eight-inch natural gas pipeline in and around York County, Pennsylvania, designated as Line 1655. Id. ¶ 8.

On January 7, 1983, FERC issued to Columbia a blanket Certificate of Public Convenience and Necessity ("FERC Certificate") authorizing Columbia ". . . to conduct many routine activities and abandon facilities and service on a self-implementing basis without further authorization by the Commission." Id. ¶ 9, Ex. 2. The blanket FERC Certificate, together with the relevant federal regulations discussed *infra*, authorizes Columbia's project that is the subject matter of this case.

In addition to FERC regulation, Columbia's pipelines, including Line 1655, are subject to regulation by the Pipeline and Hazardous Materials Safety Administration ("PHMSA"). Id. ¶ 13. As part of Columbia's implementation of the pipeline integrity management process established under 49 C.F.R. § 192.901 *et seq*. by PHMSA, Columbia has confirmed the need to replace a portion of Line 1655 in order to meet rigorous standards of pipeline safety. Id. ¶ 14.

## PROCEDURAL HISTORY

To replace Line 1655, Columbia had to acquire certain permanent and temporary easements over the properties owned by Defendants. Id. ¶ 16. Unable to secure the required easements by agreement, on March 26, 2013, Columbia filed its Complaint in Condemnation against Defendants. ECF Doc. No. 1. Subsequently, on May 24, 2013, Columbia filed its Motion for Partial Summary

Judgment and Immediate Possession of the Easement ("Motion"). ECF Doc. Nos. 12-14.

In the Motion, Columbia asked the Court to affirm its power of eminent domain under the Natural Gas Act pursuant to the blanket FERC Certificate. See generally ECF Doc. No. 14. In support of its argument, Columbia relied on Title 18, Part 157 of the Code of Federal Regulations which, *inter alia*, permits a blanket certificate holder to replace an "eligible facility" without obtaining further authorization from FERC. Id. In addition to partial summary judgment, Columbia sought immediate possession of the easements to begin replacement of Line 1655 pending resolution of just compensation proceedings. Id.

On June 14, 2013, Defendants filed a Motion for Summary Judgment alleging that Columbia may not condemn the requested easements because no emergency exists and because the replacement would be located on property different from the location of the existing Line 1655. See ECF Doc. Nos. 20-21.

On October 10, 2013, the Court heard oral argument on the Motion and at the end of the hearing took the Motion under advisement. On October 24, 2013, the Court issued a Memorandum Opinion and Order denying Columbia's Motion. ECF Doc. Nos. 38, 39. In its Memorandum Opinion, the Court found, among other things that: (1) "[T]he Court disagrees with Columbia Gas's position that replacement Line 1655 can be relocated approximately a quarter-mile away from

the old Line 1655 to circumvent a population center and still be considered an 'eligible facility' [under 18 C.F.R. Part 157]" (ECF. Doc. No. 38 at 8); (2) "The right-of-way necessary for replacement Line 1655 is not 'outside, but . . . adjacent to' old Line 1655's right-of-way" (Id. at 11); and (3) "Columbia is avowedly rerouting replacement Line 1655 to avoid a congested area, necessitating a new right-of-way approximately a quarter-mile distant." (Id.).

On November 15, 2013, in accordance with its October 24, 2013, Memorandum Opinion and Order, the Court granted Defendants' Motion for Summary Judgment against Columbia, thus effectively terminating the case. ECF Doc. No. 42. On November 22, 2013, seven days after the Court's final order, FERC issued a Final Rule implementing changes to certain portions of C.F.R. Title 18. See 145 FERC ¶ 61,154, Revisions to Auxiliary Installations, Replacement Facilities, and Siting and Maintenance Regulations (Nov. 22, 2013). A copy of the Final Rule is attached as Exhibit 1. As explained below, the Final Rule overrules this Court's findings in the October 24, 2013, Memorandum Opinion and mandates reversal of the Court's order denying Columbia's Motion on the issue of the pipeline's classification as an "eligible facility."

4

# STANDARD OF REVIEW

### A. Rule 59(e) Standard of Review.

Federal Rule of Civil Procedure 59(e) provides the moving party the opportunity to challenge a judgment when the party seeks reexamination or reconsideration of matters addressed by the trial court in issuing a decision on the merits. White v. New Hampshire Dept. of Employment Sec., 455 U.S. 445, 451 (1982). The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1998). A rule 59(e) motion must rely on one of the following grounds: (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) the need to correct clear error of law or prevent manifest injustice. Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (citations omitted).

### B. Summary Judgment Standard of Review.

Summary judgment is appropriate if "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, the district court must view the evidence in the light most favorable to the nonmoving party. Jacobs Constructors, Inc. v. NPS Energy Servs., 264 F.3d 365, 369 (3d Cir. 2001).

**ARGUMENT**

**A. Intervening FERC Opinion Demonstrates that the Court Erred in Concluding that Line 1655 is Not an "Eligible Facility" Under Part 157.**

*1. Overview of the Blanket Certificate Program*

In general, the purpose behind the creation of the blanket certificate program is to permit "a one-time certificate of public convenience and necessity to authorize a variety of jurisdictional activities and permission and approval to abandon, which would otherwise require separate certificate or abandonment authority in each instance." See Compl. ¶ 9, Ex. 2; see also Washington Gas Light Co. v. Prince George's Cnty. Council, 711 F.3d 412, 424 (4th Cir. 2013) (concluding that because Washington Gas was a holder of a blanket certificate, it was "permitted to expand its facilities without further authorization from FERC").

Routine activities undertaken pursuant to blanket certification include, among other things, replacement of any "eligible facility." 18 C.F.R. §§ 157.203(b); 157.208(a). The Code of Federal Regulations defines "eligible facility" as, *inter alia*, "main line, lateral, and compressor *replacements* that do not qualify under § 2.55(b) of this chapter because . . . *they will not satisfy the location or work space requirements of § 2.55(b)*." 18 C.F.R. § 157.202(b)(2)(i) (emphasis added). Section 2.55(b) excludes from the definition of "eligible facility" facilities the replacement of which will be located within the same right-of-way. 18 C.F.R. § 2.55(b).

The FERC Guidelines interpreting the various sections within C.F.R. Title 18 clarify the interplay between Part 157 and Section 2.55(b). See Ex. 2. Specifically, Subsection C, titled "Blanket Certificate – Subpart F of Part 157" states that an "eligible facility" includes replacement that "doesn't qualify under section 2.55 because of . . . the need *to move the facility or use new workspace.*" Ex. 2 at 4 (emphasis added).

Further, subsection A of the Guidelines, titled "Operation and Maintenance of Certificated Projects," provides that one of the requirements of Section 2.55 is that "the replaced pipe goes in the same permanent right-of-way." Id. at 1. The Guidelines go on to say that "If [the conditions of Section 2.55] can't be met, *then the authorization conferred by the blanket certificate may be able to be used*." Id. at 2 (emphasis added). This is a clear indication that when, as here, a pipeline must be replaced in a new right-of-way, blanket authorization under Section 157.208 may be utilized. See also, e.g., 68 Fed. Reg. 4120 ¶ 10 ("Acting under blanket authority, a pipeline may install new facilities on a new right-of-way, which may be acquired through the pipeline's exercise of eminent domain.").

2. *FERC's November 22, 2013, Final Rule*

In ruling on Columbia's Motion, the Court expressed concern that the quarter-mile distance between the existing Line 1655 and the proposed replacement amounts to an impermissible "rerouting" of the pipeline versus a

7

replacement contemplated by blanket authorization. ECF. Doc. No. 38 at 11. To that end, based on the distance between the new and old pipelines, the Court concluded, as a matter of law, that Columbia's replacement of Line 1655 is not an "eligible facility" under Part 157. Id. at 8.

In making this conclusion, the Court relied on the language in Regulation 4120 that provides that any replacement under Part 157 must be "presumably adjacent" to the existing pipeline. Id.; 68 Fed. Reg. 4120 ¶ 11. This conclusion by the Court effectively amounts to a finding that the proposed replacement is not adjacent to the existing pipeline because it is located a quarter mile away. This finding is erroneous for two reasons. First, pursuant to the intervening FERC regulation that followed this Court's Memorandum Opinion and Order, the distance between the old pipeline and replacement is immaterial for the purposes of the replacement's qualification as an "eligible facility" under Part 157. Second, according to federal precedent in similar contexts, a quarter-mile distance is considered "adjacent" as a matter of law.

On November 22, 2013, several days after the Court's final order, FERC issued a Final Rule clarifying certain provisions of Section 2.55 and establishing notice practices for property entry under the C.F.R. See generally Ex. 1. In discussing authorization under Part 157 and Section 2.55, FERC made the following observation:

> We note that in instances where a pipeline company needs to rely on its Part 157 certificate to construct auxiliary or replacement facilities because they do not satisfy the locations or work space limitations of section 2.55, *the Part 157 blanket certificate regulations impose no limitations on the placement of the facilities. While the Commission has indicated previously that it is contemplated that replacement facilities constructed under blanket authority would usually be located adjacent to, if not within an existing right-of-way, sections 157.202(b)(2)(i) and 157.210 permit the construction of non-main line facilities and main line facilities, respectively, without restriction on their location.* For example, a company can rely on its Part 157 blanket certificate to replace the capacity of a segment of obsolete pipeline with new pipeline that may need to be *located at considerable distance from the old pipeline to avoid a housing development constructed since the old pipeline was installed* or to install auxiliary facilities such as anodes offset from the existing right-of-way to provide cathodic protection.

Ex. 1 at 44 n.78 (emphasis added). FERC's interpretation of Part 157, which is entitled to deference[1], encompasses the exact scenario presented here. As Columbia alleged, and as the Court found, Columbia is using blanket authorization under Part 157 because the proposed replacement will be located outside the existing right-of-way. ECF Doc. No. 38 at 7.

Even if, as the Court found, the replacement is situated a quarter mile from the existing line and even if such a distance is necessary to circumvent a congested area (Id. at 11), these facts do not, contrary to the Court's holding, disqualify Columbia from using the blanket certificate. Ex. 1 at 44 n.78. In fact, FERC's

---

[1] Chevron U.S.A., Inc. v. NRDC, Inc., 467 U.S. 837, 859-66 (1984).

9

Final Rule specifically provides that "a company can rely on its Part 157 blanket certificate to replace the capacity of a segment of obsolete pipeline with new pipeline that may need to be *located at <u>considerable</u> distance from the old pipeline to avoid a housing development* constructed since the old pipeline was installed[.]" Ex. 1 at 44 n.78 (emphasis added).

As a result, the intervening ruling by FERC unequivocally establishes that the Court's interpretation of the term "eligible facility" to include a limitation on distance is incorrect, and no question of fact remains that Columbia's replacement is an "eligible facility" under Part 157. Accordingly, Columbia requests that the Court reconsider its ruling and alter its judgment to hold that the proposed replacement of Line 1655 is an "eligible facility" that can be replaced pursuant to Columbia's blanket FERC Certificate.

*3. Interpretation of the Term "Adjacent" Under Federal Case Law*

Alternatively, and notwithstanding FERC's Final Rule, a quarter-mile distance between two objects qualifies the objects as adjacent to each other as a matter of law. For example, in United States v. St. Anthony Railroad Co., 192 U.S. 524 (1904), the Court considered the meaning of "adjacent" under 18 Stat. at L. 482, chap. 152 which granted to certain railroad companies a 100-foot right of way through the public lands, with the right to take construction materials from the public lands adjacent to the line of the road.

The Court rejected the railroad's contention that 20 miles was adjacent for the purposes of the statute. St. Anthony Railroad, 192 U.S. at 539. Specifically, the Court found that "Lands which are twenty miles off we cannot regard as adjacent to the line of a railroad within the meaning of this statute. On the other hand, *lands within two miles, we assume all would agree, are so adjacent.*" Id. (emphasis added); see also Allstate Ins. Co. v. Drumheller, 185 Fed.Appx. 152, 157 (3d Cir. 2006) ("'Adjacent' does not mean 'contiguous,' and we do not interpret *MacDonald* as requiring property to touch or share a common border with property in which the insured has a legal interest in order to be 'adjacent' to that property[.]"); Arrington v. El Paso Natural Gas Co., 233 F.Supp. 522, 526 (W.D. Okla. 1964) (citing St. Anthony Railroad and defining "adjacent" as something that "may be separated by some intervening object").

Under the precedent cited above, Columbia's replacement located a quarter mile away from the existing line must be viewed as adjacent, even if the old and new locations of the pipeline do not share a border and are separated by an intervening object such as a congested area. As a consequence, the Court should reconsider its holding that the replacement of Line 1655 is not an "eligible facility."

11

## **CONCLUSION**

Based on the intervening FERC opinion following this Court's order on Columbia's Motion and this Court's final order dated November 15, 2013, Columbia respectfully requests that this Court amend, alter and/or reconsider its decision that Columbia's proposed replacement is not an "eligible facility" under 18 C.F.R. Part 157 and further set this case on the Court's trial docket for the resolution of just compensation and other issues of fact present in this case.

Dated: December 13, 2013                Respectfully submitted,

                                                **COLUMBIA GAS TRANSMISSION, LLC**

                                                By Counsel

                                                /s/ John D. Wilburn
                                              Erin N. Fischer
                                              PA Bar No. 93155
                                              McGuireWoods LLP
                                              625 Liberty Avenue, 23rd Floor
                                              Pittsburgh, Pennsylvania 15222-3142
                                              P: 412-667-7919
                                              F: 412-667-7974
                                              E-Mail: efischer@mcguirewoods.com

                                              *Of Counsel:*
                                              M. Melissa Glassman (VA Bar No. 27526)
                                              (admitted *pro hac vice*)
                                              John D. Wilburn (VA Bar No. 41141)
                                              (admitted *pro hac vice*)
                                              Courtney S. Schorr (VA Bar No. 65971)
                                              (admitted *pro hac vice*)

McGuireWoods LLP
1750 Tysons Boulevard, Suite 1800
Tysons Corner, Virginia 22102
P: 703-712-5000
F: 703-712-5050
E-mail: mglassman@mcguirewoods.com
E-mail: jwilburn@mcguirewoods.com
E-mail: cschorr@mcguirewoods.com

*Counsel for Plaintiff*
*Columbia Gas Transmission, LLC*

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of December, 2013 a true copy of the foregoing Memorandum in Support of Plaintiff's Rule 59(e) Motion to Alter, Amend, and/or Reconsider Judgment was filed electronically and thereby served on:

>Michael F. Faherty, Esquire
>225 Market Street, Suite 304
>P. O. Box 1245
>Harrisburg, PA 17108-1245
>*Counsel for Defendants*

>　/s/ John D. Wilburn
>John D. Wilburn
>McGuireWoods LLP
>1750 Tysons Boulevard, Suite 1800
>Tysons Corner, Virginia  22102
>P: 703-712-5000
>F: 703-712-5050
>E-mail:  jwilburn@mcguirewoods.com