IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
*Williamsport Division*

| | |
|---|---|
| COLUMBIA GAS TRANSMISSION, LLC, | |
| Plaintiff, | |
| v. | Civil Action # 4:13-cv-00778-MWB |
| 1.01 ACRES MORE OR LESS IN PENN TOWNSHIP, YORK COUNTY, PENNSYLVANIA, *et al.*, | |
| Defendants. | |

**REPLY IN SUPPORT OF PLAINTIFF'S RULE 59(E) MOTION
TO ALTER, AMEND, AND/OR RECONSIDER JUDGMENT**

The Federal Energy Regulation Commission's intervening Final Rule is crystal clear: Columbia Gas Transmission, LLC ("Columbia") is permitted to replace the pipeline at issue "without restriction on [its] location."[1] Indeed, the Final Rule is remarkable in its application to the exact facts of this case:

> a company can rely on its Part 157 blanket certificate to replace the capacity of a segment of obsolete pipeline with new pipeline that may need to be located at considerable distance from the old pipeline in order to avoid a housing development constructed since the old pipeline was installed.

---

[1] *See* Revisions to Auxiliary Installations, Replacement Facilities and String and Maintenance Regulations (proposed Nov. 22, 2013) (to be codified 18 C.F.R. pts. 2, 157, 380) at 44 n.78 (hereinafter, "Final Rule"). The Final Rule is attached as Exhibit 1 to Columbia's Memorandum in Support of Rule 59(E) Motion to Alter, Amend, and/or Reconsider Judgment.

Final Rule at 44, n.78.

Defendants offer no coherent explanation as to why this Final Rule does not apply. Instead, in a transparent attempt at misdirection, Defendants discuss unrelated portions of the Final Rule that are not relevant to the case at hand. For the reasons set forth below, Defendants' Opposition is without merit, and should be rejected.

## ARGUMENT

### I.   Columbia Moves for Reconsideration based on a Clarification of FERC Regulations, Not a Change in the Law.

Defendants argue that reconsideration should be denied because the controlling regulations of the Natural Gas Act have not changed. Mem. Opp. to Rule 59(e) Mot. at 2-5 (hereinafter, "Opposition"). This position misinterprets the primary grounds for Columbia's Motion to Reconsider.

According to the Third Circuit, there are three bases for a Rule 59(e) motion: (1) an intervening change in the law, (2) newly discovered evidence, or (3) the need to correct clear error of law or prevent manifest injustice. Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (citiations omitted). Columbia moves this Court to reconsider its November 15, 2013 based principally on the third rationale.

For this reason, the Court need not evaluate whether there has been the overt change in the law. Columbia's chief argument is that Footnote 78 of the Final Rule

clarifies the FERC regulations at issue and reveals the Court's error in its prior ruling.[2]

In the October 24, 2013 Memorandum Opinion, this Court concluded that replacement facilities authorized under a blanket certificate must be located "adjacent" to pre-existing rights-of-way. *See* Oct. 24, 2013 Mem. at 9-10. In reaching this decision, the Court relied heavily on FERC's interpretation of its regulations in the Emergency Reconstruction of Interstate Natural Gas Facilities Under the Natural Gas Act issued in 2003. Id. In the 2013 Final Rule, FERC acknowledges that it "indicated previously" that adjacency was a requirement, but clarified that 18 C.F.R. § 157, Subpart F permits construction of replacement facilities "without restriction on their location." Final Rule at 44 n. 78. Accordingly, the Court premised its prior ruling on an outdated interpretation of the regulations at issue, resulting in error.

## II.     Whether the Final Rule has been Published is Immaterial.

Despite its obvious application to this case, Defendants suggest this Court should not consider the Final Rule in any manner whatsoever because it has yet to be published in the Federal Register. Opposition at 2. Therefore, Defendants argue, "the law has not yet changed." Id. This position misconstrues the basis for

---

[2] To the extent this Court concludes that Footnote 78 does not clarify the law, Columbia argues, in the alternative, that it is an intervening change in FERC regulations.

Columbia's Motion. As described in Section I, Columbia contends that FERC has clarified the law on point in this case, not changed it. Thus, whether the Final Rule has been published is immaterial.

Moreover, this position is needlessly formalistic. Although the Final Rule has been issued and disseminated, Defendants would have the parties and the Court sit on their hands for 60 or more days while they wait for it to be published in the Federal Register. This approach would serve no other purpose than to delay justice.

### III.   Footnote 78 Concerns both Auxiliary Installations and Replacement Facilities.

Defendants next argue that the Final Order is not controlling because it concerns "auxiliary installations and observation wells" rather than "replacement lines." Opposition at 3. This position is obviously wrong. Even the formal title of the Final Rule—Revisions to Auxiliary Installations, **Replacement Facilities** and String and Maintenance Regulations—references replacement facilities.

While certain portions of the Final Rule focus on auxiliary installations authorized under 18 C.F.R. §2.55(a), those sections are not the subject of this Motion. Columbia relies on Footnote 78 as the basis for its request for reconsideration, and this footnote discusses "auxiliary lines **or replacement facilties**[.]" Final Rule at 44, n. 78 (emphasis added). Indeed, the entire subject matter of this footnote discusses whether a blanket FERC certificate grants the

authority to move "replacement facilities" a "considerable distance" outside an existing right-of-way. <u>Id</u>. This discussion is not limited to auxiliary installations.

## IV. Defendants' Discussion of Law in Section 3 of the Opposition is Irrelevant.

Defendants' argument in Section 3 of the Opposition fails to recognize the distinction between the change in law effectuated in the Final Rule *writ large* and the clarification of relevant law in Footnote 78. <u>See</u> Opposition at 3-5. A primary purpose of the Final Rule was to ensure that the "right-of-way/ work space restrictions" in 18 C.F.R. § 2.55(b) also apply to "auxiliary installations" in § 2.55(a). Final Rule at pp. 36-37, ¶ 39. Defendants cite a number of paragraphs underscoring this point. Opposition at 3-5 (citing Final Rule at ¶¶ 38-39, 49, 52).

Columbia, however, does not base its right to replace the pipeline at issue under § 2.55. Columbia's authority is grounded in Subpart F of 18 C.F.R. § 157 and its right to replace "eligible facilities" in the blanket certificate program. Far from restricting these rights, the Final Rule affirms that if a pipeline does not fit into the right-of-way / work space restrictions of § 2.55, the owner can rely on FERC's blanket authorization as a second option. <u>See</u> Final Rule at pp. 42-45, ¶¶ 45-48 (section entitled "Section 2.55 Authorization and Part 157, Subpart F, Blanket Authorization").

According to Footnote 78, when a party exercises this second option, restrictions on distance and adjacency no longer apply. <u>Id</u>. at p. 44, fn. 78. Rather

than addressing this critical point, the Opposition cites to unrelated portions of the Final Rule regarding § 2.55 authorization. Opposition at 3-5 (citing Final Rule at ¶¶ 38-39, 49, 52). This is nothing more than an attempt at misdirection to avoid the plain language of Footnote 78.

**V.      Defendants Cannot Rebut Federal Case Law Interpreting the Term "Adjacent."**

Lastly, Defendants offer no rebuttal to the federal cases interpreting the term "adjacent." <u>See</u> Mem. Supp. Mot. Reconsider at 10-11 (citing federal case law). Each case demonstrates that a quarter-mile falls within the meaning of "adjacent" as a matter of law,[3] and Defendants offer no countervailing authority. <u>See generally</u> Opposition. Thus, even if FERC had not issued the Final Rule, the Court should still reconsider its November 15, 2014 Final Order and accompanying Memorandum.

## <u>CONCLUSION</u>

For the reasons set forth above, Columbia respectfully requests that this Court amend, alter and/or reconsider its decision that Columbia's proposed replacement is not an "eligible facility" under 18 C.F.R. Part 157 and further set this case on the Court's trial docket for the resolution of just compensation and other issues of fact present in this case.

---

[3] It should also be noted that FERC uses the term "immediately adjacent" rather than simply "adjacent" when discussing facilities placed in very close proximity to one another. Final Rule at p. 30, ¶ 32.

Dated: January 14, 2014 Respectfully submitted,

**COLUMBIA GAS TRANSMISSION, LLC**

By Counsel

____/s/ John D. Wilburn_____

Erin N. Fischer
PA Bar No. 93155
McGuireWoods LLP
625 Liberty Avenue, 23rd Floor
Pittsburgh, Pennsylvania 15222-3142
P: 412-667-7919
F: 412-667-7974
E-Mail: efischer@mcguirewoods.com

*Of Counsel:*
M. Melissa Glassman (VA Bar No. 27526)
(admitted *pro hac vice*)
John D. Wilburn (VA Bar No. 41141)
(admitted *pro hac vice*)
Courtney S. Schorr (VA Bar No. 65971)
(admitted *pro hac vice*)
McGuireWoods LLP
1750 Tysons Boulevard, Suite 1800
Tysons Corner, Virginia 22102
P: 703-712-5000
F: 703-712-5050
E-mail: mglassman@mcguirewoods.com
E-mail: jwilburn@mcguirewoods.com
E-mail: cschorr@mcguirewoods.com

*Counsel for Plaintiff*
*Columbia Gas Transmission, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of January, 2014 a true copy of the foregoing Reply in Support of Plaintiff's Rule 59(e) Motion to Alter, Amend, and/or Reconsider Judgment was filed electronically and thereby served on:

> Michael F. Faherty, Esquire
> 225 Market Street, Suite 304
> P. O. Box 1245
> Harrisburg, PA 17108-1245
> *Counsel for Defendants*

> /s/ John D. Wilburn
> John D. Wilburn
> McGuireWoods LLP
> 1750 Tysons Boulevard, Suite 1800
> Tysons Corner, Virginia 22102
> P: 703-712-5000
> F: 703-712-5050
> E-mail: jwilburn@mcguirewoods.com