IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
*Williamsport Division*

| | |
|---|---|
| COLUMBIA GAS TRANSMISSION, LLC, | |
| Plaintiff, | |
| v. | Civil Action # 4:13-CV-00778-MWB |
| 1.01 ACRES MORE OR LESS IN PENN TOWNSHIP, YORK COUNTY, PENNSYLVANIA, *et al.*, | Hon. Matthew W. Braun |
| Defendants. | |

**PLAINTIFF'S RESPONSE TO SUBSTANTIVE ARGUMENTS
RAISED IN DEFENDANTS' REPLY TO MOTION TO
<u>SET HEARING DATE OR HOLD JOINT STATUS CONFERENCE</u>**

Plaintiff Columbia Gas Transmission, LLC ("Columbia"), by counsel, hereby responds to Defendants' Reply to Motion to Set Hearing Date or Hold Joint Status Conference, and states as follows:

1. Defendants raised new arguments on the merits of Columbia's Rule 59(E) Motion to Alter, Amend, and/or Reconsider Judgment ("Motion to Reconsider") in response to Columbia's Motion to Set Hearing Date or Hold Joint Status Conference ("Motion to Set Hearing"). *See* ECF No. 57 ¶¶ 3- 12.[1]

---

[1] As used in this Court's Memorandum opinion dated October 24, 2013 (ECF No. 38), citations to record documents refer to the docket in 4:13-cv-00778 unless otherwise noted.

1

2.     Columbia files this memorandum for the sole purpose of responding to the new arguments related to the Motion to Reconsider.

3.     Not only did Defendants improperly raise these issues in response to a simple request for a hearing date, their contentions are without merit.

4.     Specifically, Defendants argue that Columbia does not have the authority to replace the pipeline at issue because no emergency is alleged, and Part 157 of the Federal Energy Regulation Commission (FERC) regulations only applies when an emergency creates a sudden and unanticipated loss of natural gas. ECF No. 57 at ¶ 10.

5.     Part 157, however, governs all applications for certificates of public convenience and necessity under the Natural Gas Act. *See* 18 CFR 157.1 (2014) *et seq*. Indeed, 18 CFR 157.5 identifies the "purpose and intent" of Part 157, and it says nothing of emergencies. 18 CFR 157.5 (2014).

6.     To the extent Defendants argue that Subpart F of Part 157 (governing blanket certificates) only applies in emergencies, their position conflicts with the plain language of the regulations themselves.

7.     The term "emergency" is defined in Subpart F as the "sudden unanticipated loss of gas supply or capacity that requires an immediate restoration of interrupted service for protection of life or health or for maintenance of physical property." 18 CFR 157.202(13) (2014).

8.	Pursuant 18 CFR 157.208(a), Columbia can exercise its blanket authority if necessary to restore service in an emergency **or** if the project cost does not exceed the regulatory maximum. 18 CFR 157.208(a) (2014). Columbia grounds its authority in its project costs, not emergency status.

9.	The drafters of FERC regulations certainly would not have included alternative bases of authority if an emergency were required at all times.

10.	These alternative bases also demonstrate that Defendants' reference to 68 Fed. Reg. 31596 is misleading. *See* ECF No. 57 at ¶ 10 (citing 68 Fed. Reg. 31596)).[2]

11.	A close reading of 68 Fed. Reg. 31596 shows that this amendment does not apply where the project costs are below the regulatory threshold as they are in this case.

12.	Paragraph 1 of the Supplementary Information section of 68 Fed. Reg. 31596 states as follows:

> The Federal Energy Regulatory Commission (Commission) is amending part 157, subpart F, of its regulations to enable natural gas interstate pipeline companies to replace mainline facilities using a route other than the existing right-of-way, and to commence construction without 45-day prior notice **and without project cost constraints**, when immediate action is required to restore service in an emergency due to a sudden unanticipated loss of natural gas or capacity for protection of life or health or for maintenance of physical property.

---

[2] This Court also cited and relied on this legislative history in its October 23, 2014 Memorandum. *See* ECF No. 38 at 11 (citing 68 Fed. Reg. 31596 (May 19, 2003)).

*See* 68 Fed. Reg. 31596 at ¶ 1 (emphasis added); *see also* Exhibit A to ECF No. 57 (attaching first page of regulations).

13. In other words, this amendment simply reinforces that a natural gas company must either allege an emergency or that its project is below the cost threshold.

14. Further, under 18 CFR § 157.202(b)(2)(1), the term "eligible facility" includes "replacements that do not qualify under § 2.55(b) of this chapter because … they will not satisfy the location or work space requirements of § 2.55(b)."

15. Nothing in this definition requires an emergency to achieve eligible facility status.

16. In fact, FERC contemplated that an emergency will give rise to a separate basis for eligible facility status, stating:

> replacements and the modification of facilities to rearrange gas flows or increase compression for the **primary purpose of restoring service in an emergency due to sudden unforeseen damage** to main line facilities are eligible facilities.

18 CFR § 157.202(b)(2)(1) (2014) (emphasis added).

17. Thus, an emergency loss of service is not an underlying requirement for eligible facility status; it is an independent basis of authority.

18.   For Defendants or this Court to insert an overarching emergency requirement would effectively rewrite FERC regulations and add barriers to the exercise of eminent domain authority which do not exist within the text of the regulations themselves.

19.   Despite Defendants' insistence, this Court cannot rewrite the plain language of federal regulations. *See Kinney v. Yerusalim*, 9 F.3d 1067, 1072, n.4 (3d Cir. 1993).

20.   Accordingly, Columbia requests that the Court reject Defendants' baseless arguments which were improperly raised in response to a simple procedural motion.

Dated:  March 5th, 2014                Respectfully submitted,

                                              /s/ John D. Wilburn
                                      Erin N. Fischer
                                      PA Bar No. 93155
                                      McGuireWoods LLP
                                      625 Liberty Avenue, 23rd Floor
                                      Pittsburgh, Pennsylvania 15222-3142
                                      P: 412-667-7919
                                      F: 412-667-7974
                                      E-Mail:  efischer@mcguirewoods.com

                                      M. Melissa Glassman (VA Bar No. 27526)
                                      (admitted *pro hac vice*)
                                      John D. Wilburn (VA Bar No. 41141)
                                      (admitted *pro hac vice*)
                                      McGuireWoods LLP
                                      1750 Tysons Boulevard, Suite 1800

>Tysons Corner, Virginia 22102
>P: 703-712-5000
>F: 703-712-5050
>E-mail: mglassman@mcguirewoods.com
>E-mail: jwilburn@mcguirewoods.com
>
>*Counsel for Plaintiff*
>*Columbia Gas Transmission, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of March, 2014 a true copy of the foregoing was filed electronically and thereby served on:

>Michael F. Faherty, Esquire
>225 Market Street, Suite 304
>P. O. Box 1245
>Harrisburg, PA 17108-1245
>*Counsel for Defendants*

>   /s/ John D. Wilburn
>John D. Wilburn
>McGuireWoods LLP
>1750 Tysons Boulevard, Suite 1800
>Tysons Corner, Virginia 22102
>P: 703-712-5000
>F: 703-712-5050
>E-mail: jwilburn@mcguirewoods.com