


IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COLUMBIA GAS TRANSMISSION LINE, LLC, | ) )  Case No.:  4:13-cv-00778-MWB ) |
| Plaintiffs | )  Hon. Matthew W. Brann ) |
| v. | ) ) |
| 1.01 ACRES, MORE OR LESS IN PENN TOWNSHIP, YORK COUNTY, PENNSYLVANIA, LOCATED ON TAX ID # 44000280015000000, OWNED BY DWAYNE P. BROWN AND ANN M. BROWN | ) ) ) ) ) ) ) ) |
| DWAYNE P. BROWN 78 Sumac Drive Hanover, PA 17331 | ) ) ) ) |
| and | ) ) |
| ANN M. BROWN 78 Sumac Drive Hanover, PA 17331 | ) ) ) ) |
| Defendants | )  (Electronically Filed) ) |

**<ins>BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION</ins>**
**<ins>OF DEFENDANTS DWAYNE P. BROWN AND ANN M. BROWN</ins>**

AND NOW, come Defendants, Dwayne P. Brown and Ann M. Brown

(hereinafter "Brown" and/or "Moving Defendants") by and through their attorneys

Lavery Faherty Patterson, hereby file this Brief in Support of their Motion for Reconsideration of the Court's October 24, 2013 Memorandum.

## I.     Factual Background and Procedural History

On March 27, 2013, Columbia Gas filed their complaint in condemnation pursuant to Section 7h of the Natural Gas Act, 15 USC Section 717f(h), F.R.Civ.P. 71.1 seeking authorization for "the replacement of a natural gas pipeline". Columbia also asserted therein that the FERC Certificate specifically provided that "…eligible facilities includes main line, lateral, and compressor replacements that do not qualify under §2.55(b) of this chapter because they will result in an incidental increase in the capacity of main line facilities, or because they will not satisfy the location or work space requirements of §2.55(b)."  18 C.F.R. §157.202(b)(2)(i).  Through the course of the litigation the Court denied Columbia's Motion for Partial Summary Judgment and Motion for Immediate Possession based on the finding that the replacement Line 1655 could not be properly characterized as the "replace[ment]" of an "eligible facility" and found in favor of Defendant on October 24, 2013 (Doc. 34).

Thereafter, Columbia Gas filed a Rule 59(E) Motion to Alter, Amend and/or Reconsider Judgment Petition for Reconsideration on December 13, 2013 (Doc. 47).  Written argument has been submitted by both parties.  Columbia Gas' argument is based almost entirely on Footnote 78 contained in a FERC Order in a

different case concerning a different issue. (145 FERC ¶ 61,145 issued 11-22-13). During a telephone conference, with the parties, Judge Braunn indicated that he might be persuaded by the language in the footnote. Defendant respectfully requests that this Honorable Court not use Footnote 78 as controlling authority when rendering its final decision on this matter.

II.     **Statement of Issue Presented**

**Where the Court should grant Moving Defendants' Motion for Reconsideration and not consider the footnote as controlling authority in its final Order and deny Columbia's Motion to Amend, Alter and/or Reconsider Judgment.**
           **[suggested answer in the affirmative]**

III.    **Standard of Review**

A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). A court may not grant a motion for reconsideration when the motion simply restyles or rehashes issues previously presented. Pahler v. City of Wilkes-Barre, 207 F. Supp. 2d 341, 355 (M.D. Pa. 2001). A motion for reconsideration "addresses only factual and legal matters that the Court may have overlooked . . . . It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already

thought through rightly or wrongly." Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

## IV. Argument

The prior decision is consistent with the prior FERC regulation and the current FERC regulation. The footnote is dicta which may not be relied upon. In Coregis Ins. Co. v. Law Offices of Carole F. Kafrissen P.C., 140 F. Supp.2d 461, (E.D. Pa. 2001), the Court states "Though stare decisis is fundamental to our jurisprudence, and the governing power of precedent is absolute, not every rumination of a higher court is to be awarded equal weight by a lower court. The doctrine of stare decisis focuses on the decision of the court and the rule the decision adopts. See Ruggero J. Aldisert, Precedent: What It Is and What It Isn't; When Do We Kiss It and When Do We Kill It, 17 Pepp. L.Rev. 605 (1990). "[A] case is important only for what it decides: for 'the what,' not for 'the why,' and not for 'the how.' It is important only for the decision, for the detailed legal consequence following a detailed set of facts." Id. As Judge Aldisert concludes, "stare decisis means what the court did, not what it said." Id. "Gratuitous statements…bind neither trial courts nor subsequent panels of this court." Chowdhury v. Reading Hosp. and Med. Ctr., 677 F.2d 317, 324 (3d Cir. 1982) (Aldisert, J., dissenting). See also ACLU v. Schundler, 168 F.3d 92, 98 n. 6 (3d Cir. 1999) (stating that "the holding of a panel in a reported opinion is binding on

subsequent panels" and that the court has "repeatedly held that dicta are not binding".

Referencing the Ford Motor Co. in its decision, the Middle district Court in Harrisburg Authority, et al. v. Cit. Capital USA, Inc., et al., 716 F. Supp. 2d 380, 2010 U.S. Dist. Lexis 122823, the Court states "As one of our colleagues in the Eastern District of Pennsylvania noted, it is not at all clear that the language in footnote 9 of Ford Motors has precedential value, as it appears to be dicta. Coregis, Id."

The Court previously denied Columbia's Motion for partial summary judgment and Motion for Immediate Possession based on the finding that the replacement Line 1655 could not be properly characterized as the "replace[ment]" of an "eligible facility" and found in favor of Defendant on October 24, 2013 (Doc. 38). Dicta may not now be relied upon to reverse this precedent prior Court decision. The original regulation and the added sentence require the prior decision be affirmed. The Court is guided by the regulations, not the footnote.

**V.** **Conclusion**

For the reasons set forth herein, Defendant respectfully requests that this Honorable Court grant their Motion for Reconsideration, and deny Columbia's Request to Alter, Amend, and/or Reconsider Judgment.

                                            Respectfully submitted,

                        Lavery Faherty Patterson

                        By:  /s/ Michael F. Faherty
                              Michael F. Faherty, Esquire
                              225 Market Street, Suite 304
                              P.O. Box 1245
DATE: April 7, 2014           Harrisburg, PA 17108-1245
                              (717) 233-6633 (telephone)
                              (717) 233-7003 (facsimile)
                              Atty No. PA55860
                              Mfaherty@laverylaw.com
                              Atty for Plaintiffs

## **CERTIFICATE OF SERVICE**

I, Kari Ann Umholtz, an employee with the law firm of Lavery Faherty Patterson do hereby certify that on this 7th day of April, 2014, I served a true and correct copy of the foregoing Brief in Support of Motion for Reconsideration, via U.S. Middle District Court's Electronic Case Filing System, addressed as follows:

Courtney S. Schorr
cschorr@mcguirewoods.com

Erin N. Fischer
efischer@mcguirewoods.com

John Wilburn
jwilburn@mcguirewoods.com

M. Melissa Glassman
mglassman@mcguirewoods.com


                                           s/ Kari Ann Umholtz
                                           Kari Ann Umholtz, Paralegal to
                                           Michael F. Faherty, Esquire


This document has also been electronically filed and is available for viewing and downloading from the ECF system.